[Sac. No. 4516. In Bank.—February 3, 1932.]

ALBERT E. MASON et al., Appellants, v. GLENN RICHARDSON et al., Respondents.

Butler, Van Dyke, Desmond & Harris for Appellants.

Gaddis & McDonald for Respondents.

SHENK, J.—This is an appeal by the plaintiffs from a judgment dividing a fund of $1160.40, which was the proceeds of sale of a crop of almonds taken from the lands of the plaintiffs in Yolo County, three-fourths, or $870.30, to the defendant Glenn Richardson, and one-fourth, or $290.10 to the plaintiffs.

During the farming season of 1924–25, one Gus Schenk was the owner of said property. Under date of November 26, 1924, Schenk leased the property to the defendant Glenn Richardson on a share basis, three-fourths of the almond crop to the lessee and one-fourth to the lessor. The lease was evidenced by a writing addressed by said defendant to Schenk which contained the following provision: "However, if you should desire to sell your place at any time, while I am working it, I shall expect you to pay for the working of same." The 1924–25 crop was harvested under the lease. In October, 1925, Richardson and Schenk entered into an oral agreement for the lease of the property for the 1925–26 cropping year, which the court found, pursuant to appropriate allegations in Richardson's cross-complaint, to be a continuation of the former lease, excepting, however, that it was orally agreed between the parties that in the event of the sale of said property during the second cropping year said Schenk or his grantee might terminate said lease and all of Richardson's rights thereunder by first paying to Richardson his costs of farming the land as a condition precedent to the termination of the lease. In the winter and spring of 1926 Richardson farmed and plowed the almond orchard under the terms of the lease. In May, 1926, Schenk sold the land to the plaintiffs, who had notice of Richardson's lease thereon. Notwithstanding the sale, Richardson continued in possession and in the summer of

1926 proceeded to harvest the crop through the California Almond Growers Exchange.

The action was commenced in August, 1926, for the purpose of having it declared that the plaintiffs were entitled to possession of the premises from and after their purchase of the same and to enjoin Richardson from harvesting the crop. By stipulation the parties agreed that the plaintiffs should complete the harvesting of the crop and that the proceeds should be impounded to await the determination of the rights of the parties thereto.

The controversy hinges about the sufficiency of the evidence to support the finding of the court that the payment of Richardson's costs should, under the lease, be a condition precedent to his surrender of possession. The plaintiffs contend and offered proof to show that the second year's lease was to be the same, in terms, as the first year's lease. The defendant Richardson alleged and offered proof to show that the second lease was oral and that under it he was to be paid for his work before he was required to surrender possession. The evidence on the issue was sharply conflicting. It was sufficient to support the court's finding. A contrary finding likewise would have been supported. In such case the duty and responsibility was with the trial court to resolve the conflict.

The judgment is affirmed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.